## ESTATE OF MAALO.

EXCEPTIONS FROM FOURTH CIRCUIT COURT.

HEARING, OCTOBER 3, 1889.     DECISION, NOVEMBER 21, 1889.

JUDD, C.J., McCULLY, PRESTON, BICKERTON, DOLE, JJ.

A decision by which a Will was admitted to Probate was filed Feb. 13, 1889, which was appealed from. The time for perfecting the appeal was Feb. 23. The Certificate of Appeal of the Probate Judge recited that the appellant had also filed a bond in the sum of $100 for further costs, and is entitled to try his cause before a Jury. Upon the transcript of the record the Probate Judge endorsed the following: "Feb. 19, 1889, Appellant filed his within notice of appeal together with his bond for costs." The bond itself, dated Feb. 19, was endorsed "Filed March 6, 1889, for Feb. 19, 1889," and signed "J. Hardy, Cir. J."

Held, these official acts of the Judge, required by law, are entitled to greater credence than his endorsement of a bond, and outweigh it in case of the apparent inconsistency. Appeal allowed, as having been perfected in time.

OPINION OF THE COURT, BY DOLE, J.

The will of S. Elia Maalo was admitted to probate by the Honorable J. Hardy, Circuit Judge of the Fourth Judicial Circuit. Kuhio Elia, claiming to be a son of the decedent, appealed from this decision to the Circuit Court for a trial by jury. At the Circuit Court the counsel for the proponent of the will moved the Court that the appeal be dismissed upon certain grounds specified in the motion. The Court granted the motion

and dismissed the appeal upon the first ground stated in the motion, to wit: that the appellant did not file his bond for costs on appeal within ten days from the decision appealed from. This ruling was excepted to by appellant's counsel, and a bill of exceptions presented and allowed.

It appears by the bill of exceptions that the Court not only held that the bond was not filed within the time fixed by law, but that a bond presented to Judge Hardy, presumably within the ten days, was insufficient because it was not signed by the principal.

The consideration by the Court of this latter point was excepted to by appellant's counsel, upon the ground that the facts were not placed before the Court either by affidavit or by the production of such bond.

We find, by examination of the papers in the case, which are made a part of the bill of exceptions, that there is nothing in the certificate of appeal from Judge Hardy or the certified copy of the minutes of the proceedings before him, sent up to the Circuit Court, that throws any light upon this question. Neither do we find any affidavit or statement of evidence among the papers in the case supporting the theory of a bond not signed by the principal.

We do not see that this question affects in anywise the point at issue, to wit, the dismissal of the appeal; for to enable the appellant to profit by this first bond, which is not on file, it would be incumbent on him to show, by affidavit or otherwise, its presentation within the legal time; as this has not been done, the reference to it by the Court was unfounded and may be regarded as mere surplusage.

The real issue raised by the first ground of the motion to dismiss, was whether any bond for costs on appeal had been filed within the legal time. The evidence on this point is the bond itself, which is on file, and the report of the Circuit Judge. This bond, which is dated February 19th, 1889, is endorsed as follows: "Filed March 6, 1889, for February 19th, 1889. ( Sig ) J. Hardy, Cir. J." The decision admitting the will to probate having been made on the 13th day of February, it was neces-

sary that the bond of appeal should have been filed on or before the 23d day of February; consequently it was too late if it was not filed until the 6th day of March. But we find, upon referring to the certificate of appeal, the following statement : "He ( the appellant ) has also filed a bond in the sum of $100 ( one hundred dollars ) for further costs, and is entitled to try his cause before a jury, etc.;" also upon reference to the transcript of the record and proceedings before the Circuit Judge, we find the following : "Feb. 19th, 1889. Appellant filed his within notice of appeal together with his bond for costs."

These two documents, to wit, the certificate of appeal and the transcript of the record and proceedings before the Circuit Judge, are both official acts of the Circuit Judge, and are required by law; and we feel that they are entitled to greater credence than the Judge's endorsement of a bond, and must outweigh such an endorsement in case of an inconsistency such as appears in this case :

Therefore, as by these official documents of the Circuit Judge it appears that the appellant's bond was filed within the time required by law, we are of the opinion that he is entitled to his appeal, and overrule the decision of the Circuit Court dismissing such appeal.

*J. H. Barenaba,* for petitioner.

*A. Rosa,* for contestant.